**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DUJUAN ADAMS,** | ) | **CASE NO. 4:14 CV 1268** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **JASON BUNTING,** | ) | **AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

Petitioner filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is incarcerated in the Marion Correctional Institution, serving a twenty-three-year sentence for two counts of attempted murder with firearm specifications imposed by the Mahoning County Court of Common Pleas. He asserts two grounds for relief in his Petition: (1) the trial court violated due process and equal protection when it date-stamped but not time-stamp its 2012 resentencing entry as required by Ohio Criminal Rule 32 (c); and (2) that he was convicted of two separate, allied offenses, rather than a single offense, in violation of due process.

This is Petitioner's second Petition for a Writ of Habeas Corpus challenging this conviction and sentence. Pursuant to 28 U.S.C. § 2244(b)(3)(A), the Petitioner sought and obtained permission to proceed with a second or successive Petition on his first ground. The Sixth Circuit denied permission to proceed with the second claim. Consequently, only Petitioner's first claim is before the Court to discuss on the merits.

**I. BACKGROUND**

Petitioner was convicted of two counts of attempted murder in Mahoning County and sentenced to twenty-six years in prison in August 2000. He filed a direct appeal in state court which was dismissed for failure to prosecute in 2002. In 2005, he successfully petitioned the Ohio Appellate Court to reopen his appeal. The Appellate Court affirmed his conviction but remanded the case for resentencing on the issue of merging his two sentences for the gun specifications. He was resentenced on October 20, 2006 to twenty-three years in prison. He unsuccessfully appealed his new sentence through to the Ohio Supreme Court.

Petitioner then filed his first Habeas Corpus Petition challenging this conviction. *See Adams v. Kelly*, 4:09 CV 137 (N.D. Ohio Dec. 15, 2009)(Polster, J.). He asserted one ground: that he was denied due process and his right to a trial by jury and was sentenced in violation of the *ex post facto* clause of the United States Constitution when the state trial court retroactively imposed a non-minimum, consecutive prison term. That Petition was addressed on the merits and denied. Petitioner did not appeal that decision to the United States Sixth Circuit Court of Appeals.

Petitioner returned to state court and on March 28, 2011, filed a *pro se* "Motion for Re-Sentencing," saying his October 2006 sentencing entry failed to state the method by which he was convicted, pursuant to Crim.R. 32, and was silent as to post-release control. Trial court denied the Motion and he appealed. The Ohio Appellate Court determined on December 8, 2011 that Petitioner was entitled to have the entry corrected *nunc pro tunc* to reflect the manner of conviction and was entitled to resentencing only on the issue of post release control. The trial court resentenced him on January 27, 2012 complying with the Order of the Appellate Court. Petitioner raised several issues at the hearing, including that his sentencing entries were not time-stamped. The trial court, however, declined to address any issues other than as directed by the Ohio Appellate

Court.  *State v. Adams*, No. 12 MA 26, 2013 WL 1458927, at *1 (Ohio Ct. App. Mar. 25, 2013).


Petitioner appealed that this new sentencing Order.  He asserted four assignments of error:

(1)  The trial court erred in resentencing Appellant pursuant to the procedures in R.C. § 2929.191 as R.C. § 2929.191 is unconstitutional in that it violates the separation of powers and Section 5(B), Article IV of the Ohio Constitution.

(2)  R.C. § 2929.191, violates the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Ohio Constitution, Article I, § 10, 16.

(3)  The trial court erred in sentencing Appellant under R.C. § 2929.191, in violation of the *ex post facto* provisions of the Ohio and United States Constitutions.

(4)  The trial court was without subject matter jurisdiction over Appellant because the indictment and subsequent pleadings, including the sentencing entries, were not properly filed .


*State v. Adams*, No. 12 MA 26, 2013 WL 1458927, at *2-5 (Ohio Ct. App. Mar. 25, 2013).  The Court of Appeals affirmed his sentence.  He appealed to the Ohio Supreme Court raising these four grounds and adding a claim for ineffective assistance of counsel.  The Supreme Court declined jurisdiction on September 4, 2013.

Petitioner then filed this second Petition for a Writ of Habeas Corpus, asserting two grounds for relief.  The Sixth Circuit granted permission for only the first claim to go forward in a second or successive Petition.  This Court will consider only whether Petitioner was denied due process and equal protection when his new sentencing entry was date-stamped, not time-stamped, as required by Ohio Criminal Rule 32(c).

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at

409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797

(6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal Petition." *Id*. at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. First, a Petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a Petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to Petitioner's claim and whether Petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the Petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the Petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a Petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal Habeas Corpus Petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990) (failure to present a claim to a state court of appeals constituted a waiver). "If, at the time of the federal Habeas Petition, state law no longer allows the Petitioner to raise the claim, the claim is procedurally defaulted." *Williams,* 460 F.3d at 806. While

the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the Petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the Petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a Petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## V. ANALYSIS

Petitioner claims he was denied due process and equal protection because his re-sentencing entry has a date stamp which indicates that it was filed on January 27, 2012, but does not indicate the time on that day that it was filed. Petitioner contends Ohio Rule 32(c) and Ohio Revised Code § 2303.08 provide the sentencing court with an affirmative duty to endorse the order with a time stamp. He states that without a time stamp, the journal entry is invalid. He concludes therefore that his judgment of conviction is also invalid and his sentence is null and void.

Petitioner asserts this claim as a denial of due process and equal protection for the first time in this habeas opinion. In the state courts he asserted it as a lack of subject matter jurisdiction under

state law.  A new legal theory makes it a new claim for which he must exhaust his state court remedies.  He has not presented this legal theory to the state courts and he is procedurally barred by the doctrine of *res judicata* from returning to state court and asserting an old claim under a new legal theory.

This Court need not determine whether Petitioner could demonstrate cause and prejudice from the default, as this claim is not cognizable in a habeas Petition.  Relief under § 2254 is available to a person in custody pursuant to a state court judgment in violation of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  The manner in which a state criminal action is docketed and journalized in state court is a matter of state law, not federal constitutional law.  Although Petitioner attempts to characterize this as a violation of due process and equal protection, it simply challenges to the state court's interpretation of state law on the technical aspects of filing procedures.

As an initial matter, Ohio courts have consistently held that a date stamp is sufficient to satisfy the requirements of Ohio Revised Code § 2303.08 and § 2303.10.  For a judgment of conviction to be a final order subject to appeal under Ohio Revised Code § 2505.02, it must contain (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.  *State v. Lester*, 130 Ohio St.3d 303, 306-09 (2011).  Petitioner asserts that the time stamp means "time of day" under Ohio Revised Code § 2303.08 and § 2303.10.  The Ohio courts, however, have universally rejected this interpretation of Ohio law, pointing out instead that Ohio law traditionally speaks of time in terms of days passed, not hours.  *See State ex rel. Untied v. Ellwood*, 131 Ohio St.3d 37, 38 (2011) ( "[t]he applicable

entries were all stamped with the date of filing, [and]...[t]his is all that Ohio Revised Code §§ 2303.08 and 2303.10 require.").

Furthermore, even if the state courts had incorrectly interpreted these state statutes, a mere error of state law is not a denial of due process. *Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984) (stating that it is "axiomatic that state courts are the final authority on state law" and that "[s]tate statutes mean what state courts say they mean") (citing *Gryger v. Burke*, 334 U.S. 728, 731 (1948)). A state court's error in interpreting or applying its own law can form the basis of a federal due process claim only if that error rendered the trial that convicted the petitioner so fundamentally unfair as to have deprived him of due process in violation of the U.S. Constitution. *See Id.* at 47; *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). This is not the situation here. The fundamental fairness principle has only been applied to fairness of the trial itself. *See Hutchison*, 744 F.2d at 47. Petitioner does not challenge the fundamental fairness of the criminal proceedings. Instead, he claims his revised sentencing is defective because it contains a date stamp, not a time stamp. This is purely a question of state law, not a denial of due process.

Moreover, a federal habeas court sitting in review of a state court judgment will not second guess a state court's decision concerning matters of state law. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *see Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court cannot revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal."). A claim based solely on an error of state law, such as the one presented in this Petition, is not redressable through the federal habeas process. *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998).

Finally, Petitioner also contends the use of a date stamp, not a time stamp, denied him equal protection. This claim was summarily appended to Petitioner's due process claim without explanation. It is still based on the state court's interpretation of state law on the issue of filing and docketing entries. It is not reviewable in habeas corpus.

## VI. CONCLUSION

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

 s/*Dan Aaron Polster*    *October 11, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**